IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**SHAWN LANIER LOWMAN, JR.**,

    **Petitioner,**

                                                         Case No.: 5:25-cv-00307

**v.**

**WARDEN HOLZAPFEL, FCI BECKLEY**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), challenging a prison disciplinary conviction that resulted in loss of good conduct time. Also pending is Petitioner's Motion for Order Directing the Respondent to Issue a Memorandum Stating the Days That the Unit was Locked Down and Access to the Law Library Unavailable, (ECF No. 7). Respondent has filed a Response to Order to Show Cause, (ECF No. 8), wherein he contends Petitioner is not entitled to the relief sought and requests this Court to deny the Petition.

This case is assigned to the Honorable Frank W. Volk, United States Chief District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons that follow, and having carefully considered the record, the undersigned respectfully **RECOMMENDS** that the Petition be **DENIED**; and that this action be **DISMISSED** and **REMOVED** from the docket of the Court. Further, in light of the undersigned's findings on exhaustion and the merits, Petitioner's Motion for Order

1

Directing the Respondent to Issue a Memorandum, (ECF No. 7), is **RECOMMENDED** to be **DENIED**, as the requested relief would not affect the disposition of this action.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is a federal inmate currently incarcerated at Beckley Federal Correctional Institution ("FCI Beckley"), in Beckley, West Virginia. *See* Inmate Locator, Federal Bureau of Prisons, BOP Register No. 39013-510 (last accessed January 23, 2026). On November 17, 2024, Bureau of Prisons ("BOP") staff prepared Incident Report No. 4027764 charging Petitioner with possession of drugs/alcohol, a violation of BOP disciplinary Code 113. (ECF Nos. 8 at 4, 8-1 at 10). The incident report states that suspected intoxicants were discovered in Petitioner's assigned cell and subsequently tested positive for alcohol using an ALCO-SENSOR device. (ECF Nos. 8 at 4, 8-1 at 3, 10).

Petitioner received a copy of the incident report on November 18, 2024. (ECF Nos. 8 at 5, 8-1 at 10-12). A Unit Disciplinary Committee ("UDC") hearing was conducted on November 20, 2024, at which time the UDC referred the matter to the Discipline Hearing Officer ("DHO") due to the seriousness of the charge and the potential sanctions involved. (ECF Nos. 8 at 5, 8-1 at 12).

On January 28, 2025, a DHO hearing was held. (ECF Nos. 8 at 5, 8-1 at 3, 18-22). Petitioner was advised of his rights, waived staff representation, and requested only one witness. (*Id.*). The witness appeared and testified that Petitioner was at work at the time the intoxicants were discovered and that the witness had placed items in the cell locker. (*Id.*). Petitioner denied knowledge or possession of the intoxicants. (*Id.*).

After considering the incident report, staff memoranda, photographs of the positive alcohol test, and the testimony presented at the hearing, the DHO found that the greater weight of the evidence supported a finding that Petitioner committed the

2

prohibited act. (ECF No. 8-1 at 4-6, 19-22). The DHO applied the concept of constructive possession and sanctioned Petitioner with, inter alia, the disallowance of forty-one (41) days of good conduct time. (*Id.*).

Petitioner was advised of his right to appeal the DHO decision and received a copy of the DHO report on February 21, 2025. (ECF No. 8-1 at 5-6, 22). Petitioner thereafter filed the instant § 2241 petition, asserting that the DHO's finding was unsupported by the evidence and that his due process rights were violated. (ECF No. 1 at 3–6).

Regarding the requirement to exhaust his administrative remedies, Petitioner asserts that he attempted to pursue administrative relief but was unable to timely complete the appeal process due to institutional lockdowns, limited access to required forms, and the alleged refusal of staff to provide documentation verifying the lockdown periods. (ECF Nos. 1 at 2-3, 1-1 at 2-10). Respondent, however, maintains that Petitioner did not properly exhaust his administrative remedies through the Bureau of Prisons' Central Office and asserts that administrative remedies remained available, as other inmates were able to file appeals during the same period. (ECF Nos. 8 at 12–14, 8-1 at 27-28).

Turning to the merits, in his Petition and supporting exhibits, Petitioner contends that he was improperly found guilty of possessing alcohol based on the doctrine of constructive possession, despite evidence that he claims establishes his innocence. Specifically, Petitioner asserts that he was at work at the time the intoxicants were discovered, that he had no knowledge of their presence, and that his cellmate accepted responsibility for placing the items in the shared locker. (ECF No. 1-1 at 10). Petitioner further alleges that the DHO improperly weighed the evidence, failed to credit exculpatory testimony, and relied on staff statements over sworn inmate testimony. (ECF No. 1 at 6).

3

Petitioner also maintains that his due process rights were violated when institutional lockdowns and the lack of access to grievance materials prevented him from timely appealing the DHO decision through the Bureau of Prisons' administrative remedy process. (ECF Nos. 1 at 2-6). For relief, Petitioner requests the infractions be expunged from his disciplinary record and for his good time credits to be restored. (*Id.* at 7).

Respondent filed a Response to Order to Show Cause on July 1, 2025, asserting that Petitioner received all process due under *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974), and that the DHO's decision was supported by at least "some evidence" as required by *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985). (ECF No. 8 at 8–12). Respondent argues that the presence of intoxicants in Petitioner's assigned cell, corroborated by staff reports and positive alcohol testing, justified the application of constructive possession, and that the DHO acted within his discretion in weighing credibility and evidence. (*Id.*). Respondent further contends that Petitioner failed to exhaust his administrative remedies because he did not complete the appeal process through the BOP's Central Office, and that any alleged lockdowns did not render the administrative process unavailable, as other inmates successfully filed appeals during the same time period. (ECF No. 8 at 12–14). Respondent submitted the affidavit of D. Pilant, a Disciplinary Hearing Officer for FCI Beckley, and supporting documents. (ECF No. 8-1).

In his Reply, Petitioner reiterates his claim of innocence and challenges Respondent's reliance on constructive possession, arguing that the doctrine should not apply where another inmate admitted responsibility for the contraband. (ECF No. 9 at 1–2). Petitioner also disputes Respondent's exhaustion argument, asserting that unit-

specific lockdowns and staff refusal to provide verification memoranda effectively prevented him from pursuing timely administrative appeals. (*Id.*). With his reply, Petitioner included an affidavit of another prisoner, which included a memorandum from the prison to FCI Beckley inmates. (ECF Nos. 9-1, 9-2).

## II. STANDARD OF REVIEW

Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2241, which authorizes federal courts to grant relief to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition under § 2241 is the proper vehicle for challenging the execution of a federal sentence, including disciplinary proceedings that result in the loss of good conduct time. See *Preiser v. Rodriguez*, 411 U.S. 475, 487, 93 S. Cr. 1827, 36 L. Ed. 2d 439 (1973).

When a federal inmate challenges a prison disciplinary conviction resulting in the loss of good conduct time, the Court's review is limited. The inmate is entitled only to the minimal procedural protections set forth in *Wolff*, 418 U.S. 539, and the disciplinary decision must be supported by "some evidence" in the record. *Superintendent, Massachusetts Correctional Institution, Walpole*, 472 U.S. at 454. The "some evidence" standard is exceedingly deferential and does not permit the Court to reweigh evidence, assess witness credibility, or substitute its judgment for that of the disciplinary hearing officer. *Id.* at 455–56.

In addition, although § 2241 does not contain an express exhaustion requirement, federal courts generally require prisoners to exhaust available administrative remedies before seeking habeas relief, absent a showing that such remedies are unavailable or that exhaustion should be excused. See *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 490–91, 93 S. Ct. 1123, L. Ed. 2d 443 (1973); *see also McClung v. Shearin,* No. 03–6952,

2004 WL 225093, at *1 (4th Cir. Feb.6, 2004) (citing *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 634 (2d Cir.2001)). A prisoner may be able to get the relief he seeks through the BOP grievance system, avoiding the need for any judicial intervention. *See Woodford v. Ngo*, 548 U.S. 81, 93–94 (2006). Where the prisoner has not gained relief through administrative remedies, the administrative process creates a complete factual record for the court to review. *Id.*

The court may, in its discretion, waive exhaustion under certain circumstances, such as "where a petitioner demonstrates futility, the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." *Wright v. Warden,* Civil Action RDB–10–671, 2010 WL 1258181, * 1 (D. Md. Mar. 24, 2010) (internal citations omitted). However, "in the absence of exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent […] courts require exhaustion of alternative remedies before a prisoner can seek federal habeas relief." *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (internal citations and marking omitted). "While habeas corpus is 'always available to safeguard the fundamental rights of persons wrongly incarcerated,' it 'is the avenue of last resort.'" *Id.* (internal citations omitted).

### III. DISCUSSION

At the outset, the undersigned **FINDS** that Petitioner failed to exhaust available administrative remedies and has not demonstrated that exhaustion should be excused in this case. The undersigned further **FINDS** that Petitioner received all of the procedural protections required under *Wolff v. McDonnell* and that the Discipline Hearing Officer's decision is supported by "some evidence" as required by *Superintendent, Massachusetts Correctional Institution v. Hill.* Accordingly, for the reasons set forth below, the

6

undersigned **FINDS** that Petitioner is not entitled to relief under 28 U.S.C. § 2241 and respectfully **RECOMMENDS** that the Petition be denied.

### *Exhaustion of Administrative Remedies*

As a general rule, federal prisoners must exhaust available administrative remedies before seeking habeas relief under § 2241. While exhaustion is a judicially imposed requirement and may be excused in limited circumstances, it remains the petitioner's burden to demonstrate that administrative remedies were unavailable or futile.

The BOP's Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, provides a process by which an inmate can seek review of an issue relating to any aspect of his or her confinement. With certain exceptions, an inmate must first present the issue of concern informally to a BOP staff member within the procedures prescribed by the warden of the institution in which the inmate is confined. *Id.* at § 542.13. An inmate can then file a formal written Administrative Remedy Request on the specified form. *Id.* at § 542.14. If the inmate is unsatisfied with the warden's response to the request, the inmate can appeal the decision to the appropriate regional director and can then appeal the response of the regional director to the general counsel. *Id.* at § 542.15. The administrative remedy request and appeals must comply with the requirements specified by the BOP. *Id.* at §§ 542.14, 542.15.

One important aspect of exhaustion is that it creates an administrative record for the Court to review. As the BOP is charged with computing an inmate's sentence and has "developed detailed procedures and guidelines for determining the credit available to prisoners," *United States v. Wilson*, 503 U.S. 329, 335 (1992), the BOP should have the first opportunity to review its calculation in this case and determine if any errors were made. As a district court previously explained:

> "[T]he responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts." *United States v. Roberson*, 746 F. App'x 883, 885 (11th Cir. 2018) (citing *United States v. Wilson*, 503 U.S. 329, 330 (1992)). . . . Because the BOP calculates a prisoner's credit towards his federal sentence, a dissatisfied inmate "must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." *Id.* (internal quotations and citation omitted).

*United States v. Usma*, No. 2:19-CR-133-SPC-MRM, 2022 WL 267518, at *1 (M.D. Fla. Jan. 28, 2022).

Here, the record reflects that Petitioner did not fully exhaust his administrative remedies through the BOP's Central Office. (ECF No. 8-1 at 6, 24-25). Petitioner contends that institutional lockdowns interfered with his ability to timely appeal the DHO decision. (ECF No. 1 at 2-3, 6). However, Respondent has presented evidence that other inmates were able to file administrative appeals during the same time period and that Petitioner still had sufficient opportunity to pursue available remedies. (ECF No. 8-1 at 27-28).

Accordingly, the undersigned **FINDS** that Petitioner failed to exhaust available administrative remedies and has not demonstrated that exhaustion should be excused. Generalized allegations of lockdowns and restricted movement, without specific evidence that administrative remedies were rendered unavailable, are insufficient to excuse exhaustion. Nevertheless, even assuming arguendo that the exhaustion requirement should be waived, the Petition independently fails on the merits for the reasons set forth below.

### *Due Process in Prison Disciplinary Proceedings*

When a prison disciplinary proceeding may result in the loss of good conduct time, an inmate is entitled to certain minimal procedural protections under the Due Process Clause. *Wolff v. McDonnell*, 418 U.S. 539 (1974). These protections include: (1) advance

written notice of the charges; (2) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; (3) a hearing before a neutral and impartial decisionmaker; and (4) a written statement by the factfinder describing the evidence relied upon and the reasons for the disciplinary action. *Id.* at 563–67.

Here, the record demonstrates that Petitioner received all the procedural protections required by *Wolff*. Petitioner was provided with written notice of the charge more than twenty-four hours in advance of the DHO hearing. (ECF No. 8-1 at 3). He was advised of his rights, waived staff representation, requested a witness, and that witness was permitted to testify at the hearing. (*Id.*). The DHO issued a written report detailing the evidence relied upon and the reasons for the sanctions imposed. (*Id.*). Consistent with precedent in this district, *Wolff* does not guarantee inmates unfettered access to all evidence or require prison officials to credit inmate testimony over staff reports; rather, due process is satisfied where the inmate is afforded notice, an opportunity to be heard, and a written explanation of the decision. *See Ray v. Masters*, No. 1:15-cv-06712, 2017 WL 975948, at *3–4 (S.D.W. Va. Feb. 13, 2017).

To the extent Petitioner challenges the DHO's impartiality or credibility determinations, such claims are unsupported. Petitioner has not alleged, nor does the record reflect, that the DHO was personally involved in the incident, served as a witness or investigator, or otherwise lacked neutrality. *See* 28 C.F.R. § 541.8(b). Unsupported and conclusory allegations of bias are insufficient to establish a due process violation. Accordingly, the undersigned **FINDS** that Petitioner's due process rights under *Wolff* were not violated.

### *Sufficiency of the Evidence*

The dispositive question under *Superintendent, Massachusetts Correctional Institution v. Hill* is whether the DHO's decision is supported by "some evidence" and is not arbitrary or capricious. 472 U.S. 445, 455–56 (1985). As with the procedural protections outlined in *Wolff*, judicial review of prison disciplinary convictions under *Hill* is highly circumscribed. The Court does not determine whether it would have reached the same conclusion as the DHO or whether the record could support a contrary result, but only whether there is *any evidence in the record* that could support the disciplinary decision. *Id.* at 455–56. "The anchor to this standard is that the disciplinary decision is not arbitrary and that it has support in the record." *Thomas v. Phillips*, No. 5:09-cv-01519, 2012 WL 2064531, at *3 (S.D.W. Va. 2012). Where such evidence exists, due process is satisfied, and the Court may not reweigh the evidence, reassess witness credibility, or substitute its judgment for that of prison officials. *See Ray v. Masters*, No. 1:15-cv-06712, 2017 WL 975948, at *4–5 (S.D.W. Va. Feb. 13, 2017).

The "some evidence" standard is exceedingly deferential and does not require examination of the entire record or independent evaluation of competing evidence. *Hill*, 472 U.S. at 454–56. Consistent with this standard, the Fourth Circuit has recognized that contraband discovered in a shared cell may constitute "some evidence" supporting a disciplinary conviction where the contraband is found in an area subject to the inmate's control and access is limited. *See McClung v. Hollingsworth*, 90 F. App'x 444, 445 (4th Cir. 2004). Although the Fourth Circuit vacated and remanded the decision in *McClung* because the record failed to establish how many inmates had access to the unlocked cell at issue, the case nonetheless confirms that constructive possession may satisfy *Hill* where limited access is shown.

Here, the DHO relied on the incident report documenting the discovery of intoxicants in Petitioner's assigned cell, staff memoranda, photographic evidence of the positive alcohol test, and the testimony presented at the disciplinary hearing. (ECF No. 8-1 at 3–5, 18–22). Courts in this district have repeatedly recognized that incident reports and supporting documentation prepared by correctional staff constitute reliable evidence for purposes of prison disciplinary proceedings, particularly where the reporting officer derives no known benefit from providing false information and the report is corroborated by physical or documentary evidence. *See Ray*, 2017 WL 975948, at *4–5. Although Petitioner denied knowledge of the intoxicants and presented a witness who testified that Petitioner was at work at the relevant time, the DHO was entitled to credit the staff evidence and apply the doctrine of constructive possession. *Id*. Federal courts do not review the correctness of a DHO's factual findings, reweigh the evidence, or second-guess credibility determinations; disciplinary findings will be disturbed only when they are unsupported by any evidence or are wholly arbitrary and capricious. *Id*. at *5 (citing Hill*, 472 U.S. at 455–57).

Petitioner also relies on an affidavit executed after the disciplinary hearing in which his cellmate purports to accept full responsibility for the intoxicants and asserts that Petitioner "had nothing to do with it." (ECF No. 1-1 at 1). However, the later submission of an inmate affidavit does not alter the Court's limited review under *Hill*, which does not permit reweighing of the evidence or consideration of materials outside the record before the DHO. *See Thomas*, 2012 WL 2064531, at *3. In *Thomas*, although the DHO failed to consider an affidavit available at the time of the hearing, the reviewing court determined the affidavit was cumulative and that the disciplinary decision was nonetheless supported by "some evidence." *Id*. The district court overruled objections to

11

the magistrate judge's findings, emphasizing that it was not positioned to make independent credibility determinations and was tasked only with identifying "some evidence" supporting the DHO's decision. *Id.*

As in *Thomas*, the Court's task here is limited to determining whether the DHO's decision is supported by "some evidence" and is not arbitrary. As discussed above, the intoxicants were discovered in Petitioner's assigned cell within a controlled housing unit, which he shared with a cellmate. (ECF Nos. 8, 8-1). Further, at the time of the hearing, Petitioner's cellmate actually denied possession of the alcohol, which conflicts with the affidavit now presented by Petitioner. (*See* ECF Nos. 8 at 10, 8-1 at 4-5).

Constructive possession permits the attribution of responsibility for contraband found in a shared cell when the area is under the control of a limited number of inmates and no inmate accepts sole responsibility at the time of the disciplinary proceeding. Courts in this district have recognized that the doctrine of constructive possession provides "some evidence" sufficient to support a disciplinary conviction under such circumstances. *See Ray*, 2017 WL 975948, at *4. Due process does not require prison officials to eliminate every speculative alternative explanation or to disprove alternative theories offered by the inmate. *Id.* at *4–5.

Accordingly, the affidavit provides no basis for disturbing the DHO's findings. Further, for the reasons described herein, the undersigned **FINDS** that the DHO's decision was supported by at least "some evidence" and was not arbitrary or capricious.

### IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows:

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED**;

2. Petitioner's Motion for Order Directing the Respondent to Issue a Memorandum, (ECF No. 7), be **DENIED**;

3. This civil action be **DISMISSED**, with prejudice; and

4. This matter be **REMOVED** from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States Chief District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Reeder.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and to counsel of record.

**FILED**: January 27, 2026

_____
Joseph K. Reeder
United States Magistrate Judge